```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CLINTON C. BARLOW, III, | 1:17-cv-02944-NLH-JS |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| ARTHUR B. LAFFER, et al., | |
| Defendants. | |

**APPEARANCES:**

CLINTON C. BARLOW, III
P.O. BOX 2134
TRENTON, NJ 08607
    Appearing pro se

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Clinton C. Barlow, III, appearing pro se, filed a complaint against several defendants in the Middle District of Tennessee; and

    WHEREAS, the court in Tennessee transferred Plaintiff's case to this Court because he and all the defendants reside in New Jersey, and it appears that his claims arose in New Jersey (Docket No. 8); and

    WHEREAS, Plaintiff filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)

("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se parties are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the court in Tennessee granted Plaintiff's IFP application, but that court did not conduct a substantive screening of Plaintiff's complaint; and

WHEREAS, the Court has reviewed Plaintiff's complaint, which mostly concerns the assassination of Dr. Martin Luther King, Jr. and other incidents of racial discrimination and violence not directly related to Plaintiff, and aside from that content, the only possible claims the Court can construe are for (1) a violation of Plaintiff's civil rights arising out of defendants' failure to mediate and settle a claim for $350,000, and (2) an assault that occurred on the Motor Vehicle Commission's property on October 13, 2015; and

WHEREAS, the Court finds that Plaintiff's complaint warrants a *sua sponte* dismissal because Plaintiff's threadbare claims relating to an alleged failed settlement and assault do not satisfy the pleading standards required under Fed. R. Civ. P. 8, Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009);

THEREFORE,

IT IS on this  17th   day of   January   , 2018

ORDERED that Plaintiff shall have twenty (20) days to file an amended complaint as required by Federal Rule of Civil Procedure 8 containing a short and plain statement of the Court's jurisdiction and his claims showing that he is entitled to relief.  For each defendant named, Plaintiff shall set forth sufficient specific factual allegations to demonstrate a plausible claim for relief including facts showing each defendant's personal involvement in the alleged acts and the dates and times of relevant events consistent with the requirements set forth in Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  If Plaintiff fails to do so, this case will be dismissed.

At Camden, New Jersey          s/ Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.